**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan L. Sosnowicz, | No. CV-20-0040 PHX DGC (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| . Respondent | |

Jonathan Sosnowicz has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (Doc. 1) and a motion for certificate of appealability (Doc. 24). Magistrate Judge Michael Morrissey has issued a report recommending that the petition be denied ("R&R"). Doc. 20. Sosnowicz objects. Doc. 23. The Court will accept the R&R with respect to grounds two through five and part of ground one, deny the petition and motion with respect to these claims, and hold an evidentiary hearing on the remaining portion of ground one.

## I.    Background.

In November 2008, Sosnowicz struck and killed the victim, J.P., with his vehicle after a physical altercation outside of a bar. *See State v. Sosnowicz*, 270 P.3d 917, 919-21 (Ariz. Ct. App. 2012). In September 2010, a jury convicted *Sosnowicz* of second-degree murder and three counts of aggravated assault. *See id. Sosnowicz* was sentenced to 22 years in prison for count one and three concurrent 8.5-year prison terms for counts two through four, all running consecutively to the 22-year term for count one. *Id.*

## II.    Procedural History.

## A. Direct Appeal.

In June 2011, Sosnowicz appealed his convictions and sentences to the Arizona Court of Appeals, which affirmed the convictions and sentences in two concurrently filed decisions. Doc. 15-2 at 397-419, 478-505, 507-08.[1] The Court of Appeals held that: (1) admission of the medical examiner's testimony that the victim's death was a homicide was harmless error, and (2) the trial court did not err in precluding evidence of the victim's blood alcohol level. *Sosnowicz*, 270 P.3d at 918-19; *State v. Sosnowicz*, No. 1 CA-CR 10-0789, 2012 WL 1843716, at *1 (Ariz. Ct. App. Mar. 8, 2012). Sosnowicz did not seek review by the Arizona Supreme Court, and the Arizona Court of Appeals issued its mandate in August 2012. Doc. 15-2 at 478.

## B. First Post-Conviction Relief ("PCR") Proceeding.

In April 2013, Sosnowicz filed a PCR petition arguing that his trial counsel rendered ineffective assistance of counsel ("IAC") by: (1) failing to object to comments by the prosecutor that Sosnowicz had two girlfriends and the jury could consider this fact in determining his credibility, and (2) calling witnesses who were drunk at the time of the incident and provided damaging testimony. Doc. 15-2 at 513-22. Neal Bassett, the attorney who handled Sosnowicz's direct appeal, also represented him in the PCR proceeding.

The PCR court summarily dismissed the petition, and Sosnowicz filed a petition for review in the Arizona Court of Appeals in March 2014. *Id.* at 552, 554-69. In April 2016, the Court of Appeals held that the PCR petition was defective for failing to identify the relevant standard for IAC claims or demonstrating that trial counsel's conduct had no reasoned basis. *Id.* at 585-87. And even if counsel's performance was deficient, the court held, Sosnowicz had not shown that different tactics would have produced a different trial result. *Id.* at 587. Sosnowicz did not seek review in the Arizona Supreme Court, and the Court of Appeals issued its mandate in December 2016. Doc. 15-2. at 591.

## C. Professional Misconduct by Appellate and PCR Counsel.

---

[1] Page citations are to numbers placed at the top of pages by the electronic filing system.

In May 2016, Sosnowicz's new counsel, David Goldberg, requested Sosnowicz's trial files from the Maricopa County Public Defender's Office upon discovering that he did not have access to Sosnowicz's entire trial record. See Doc. 19-7 at 10. The Office informed Goldberg that it had released the entire file to Bassett – Sosnowicz's former PCR and appellate counsel – in 2012. *Id*. When Goldberg requested the remaining materials from Bassett, he received no response. *Id*. at 19. In July 2016, the Arizona Supreme Court ordered Bassett to deliver to Goldberg all files in his possession related to Sosnowicz's case. *Id*. In August 2016, Bassett filed a Notice of Compliance, stating that he had provided Sosnowicz and his new counsel with "everything [he] had" and had "nothing left to give them." *Id*. at 22.

In January 2017, the State Bar of Arizona issued an order of admonition to Bassett for violating the Arizona Rules of Professional Conduct by: (1) engaging in a conflict of interest by representing Sosnowicz in both his direct appeal and his first PCR proceeding, depriving him of the chance of bringing an appellate-counsel IAC claim in the PCR proceeding (Rule 42, ER 1.7); and (2) failing to timely communicate with Sosnowicz's new attorney regarding the trial file (Rule 42, ER 8.4(d)). *Id*. at 43.

### D. Second PCR Proceeding.

Sosnowicz filed a second, successive PCR petition through new counsel in March 2017. Docs. 15-2 at 1-132; 15-3 at 593-98. The petition raised trial- and appellate-counsel IAC claims, as well as an actual innocence claim.

First, Sosnowicz argued that his trial counsel had failed to: (1) explain to Sosnowicz that he could be convicted of second-degree murder for reckless conduct, which led him to reject a favorable plea offer; and (2) competently investigate, research, and present a defense of involuntary act and lack of criminal intent due to semi-conscious conduct. Doc. 15-3 at 2 3.

Second, Sosnowicz argued that his appellate counsel, Bassett, was ineffective for failing to argue on direct appeal that: (1) the trial court's preclusion of evidence about his involuntary behavior and lack of criminal intent deprived him of his constitutional right to

present a complete defense; and (2) the admission of prior bad act evidence violated his constitutional right to a fair trial. *Id*.

Finally, Sosnowicz made an actual innocence claim, arguing that expert testimony established that he was innocent because he was "semi-conscious and acting involuntarily" when driving his vehicle toward the victim. *Id*.

In May 2017, the PCR court dismissed Sosnowicz's trial-counsel IAC claims as precluded under state law because Sosnowicz did not timely raise them during his first PCR proceeding. Doc. 15-3 at 136-37; Ariz. R. Crim. P. 32.2(a)(3) (2019) (providing that a defendant is precluded from relief under Rule 32.1 "based on any ground . . . waived at trial, on appeal, or in any previous collateral proceeding").[2] In August 2017, the PCR court dismissed the remaining two claims on the merits, finding that Sosnowicz had made no "colorable" argument with respect to either claim. *Id*. at 178. The Arizona Court of Appeals affirmed in July 2018. Doc. 15-4 at 2-9. The Arizona Supreme Court denied review in April 2020. *Id*. at 15.

### E. Petition for Writ of Habeas Corpus.

Sosnowicz filed this habeas petition in January 2020, raising five grounds for relief. Doc. 1. Grounds one through three assert that Bassett failed, in the first PCR proceeding, to raise: (1) certain IAC claims with respect to Sosnowicz's trial counsel; (2) IAC claims with respect to appellate counsel; and (3) an actual innocence claim based on expert testimony. *See id*. at 6-16. Ground four alleges that the trial court erred in admitting, and precluding, certain testimony of a medical examiner in violation of Sosnowicz's constitutional rights. *Id*. at 17. Ground five alleges that trial counsel rendered ineffective

---

[2] Rule 32.1 was amended, effective January 2020, to provide that a defendant is precluded from relief "based on any ground . . . waived at trial or on appeal, or in any previous post-conviction proceeding, *except when the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant.*" Ariz. R. Crim. P. 32.2(a)(3) (emphasis added). This exception, applicable to all actions filed on or after January 1, 2020, appears to codify longstanding Arizona case law providing that the waiver exception applies only to claims of "sufficient constitutional magnitude" such as waiver of the right to counsel, a jury trial, or a twelve-person jury under the Arizona Constitution. *Stewart v. Smith*, 46 P.3d 1067, 1070 (Ariz. 2002). Because Sosnowicz's second PCR petition was filed in 2017, the new rule does not apply to it, but the waiver exception for claims of sufficient constitutional magnitude still applies, as will be discussed below.

assistance by calling intoxicated witnesses and failing to object to the government's evidence and arguments.

Judge Morrissey issued an R&R on January 8, 2021, recommending denial of the habeas petition without an evidentiary hearing or a certificate of appealability. Doc 20 at 21-22. Sosnowicz objects to Judge Morrissey's conclusions with respect to all grounds except ground five. *See* Doc. 23.

**III. R&R Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because Sosnowicz does not object to Judge Morrissey's recommendation for ground five, the Court will address only grounds one through four.

Some of Sosnowicz's objections are general in nature, reasserting arguments made in the petition rather than addressing Judge Morrissey's ruling. "[M]erely reasserting the grounds of the petition as an objection provides this Court with no guidance as to what portions of the R&R Petitioner considers to be incorrect." *McDowell v. Richardson*, No. CV-11-0716-PHX-DGC, 2012 WL 393462, at *2 (D. Ariz. Feb. 7, 2012). Rule 72 requires more. The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). The clear purpose of this requirement is judicial economy – to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas*, 474 U.S. at 149. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to object. *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at

*5 (D. Ariz. Dec. 20, 2019); *Quigg v. Salmonsen*, No. CV 18-77-H-DLC-JTJ, 2019 WL 1244989, at *4 (D. Mont. Mar. 18, 2019). As a result, the Court will accept portions of the R&R to which Sosnowicz makes only general objections.

As discussed below, the Court concludes that grounds two through four are without merit, but that an evidentiary hearing is needed with respect to the ground one claim involving Sosnowicz's decision to reject his plea offer. The Court will address this issue after dispensing with the remaining claims.

## IV. Discussion.

### A. Ground Two – Ineffective Assistance of Appellate Counsel.

Sosnowicz argues that his appellate counsel was ineffective for failing to argue on direct appeal that: (1) the trial court's preclusion of expert testimony and evidence supporting his involuntary conduct defense deprived him of his constitutional right to present a complete defense; and (2) the admission of remote prior bad act evidence violated his right to a fair trial. Doc. 1 at 12. The second PCR court and Arizona Court of Appeals rejected these claims on their merits, concluding they met neither prong of the *Strickland* IAC test – that counsel's performance was deficient and that Sosnowicz was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); Docs. 15-3 at 178, 15-4 at 2-9, 15.[3]

Because the ground two claims have already been adjudicated on the merits in state court, this Court may not grant habeas relief unless the state courts reached a decision that was contrary to or involved an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d); *Carey v. Musladin*, 549 U.S. 70, 75 (2006); *Musladin v. Lamarque*, 555 F.3d 834, 838 (9th Cir. 2009). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011).

Judge Morrissey found that Sosnowicz had not shown that the state courts' dismissal

---

[3] The *Strickland* test was adopted by the Arizona Supreme Court in *State v. Lee*, 689 P. 3d 153 (Ariz. 1984).

- 6 -

of his claims were contrary to or based on an unreasonable application of *Strickland*. Doc. 20 at 20. Sosnowicz objects by repeating and incorporating by reference the arguments made in his habeas petition and reply brief. Doc. 23 at 23-25. Because this does not constitute a specific objection under Rule 72, the Court will accept the R&R's recommendation that ground two be denied.[4]

The Court also notes that ground two fails on the merits because Sosnowicz has not established that the state courts' decisions were based on an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d). Sosnowicz claims that his appellate counsel failed to challenge two decisions of the trial court: its preclusion of evidence supporting his involuntary conduct defense and its admission of evidence that Sosnowicz had, years earlier, driven his car into his girlfriend's car after an argument. Docs. 15-3 at 19, 15-4 at 7, 19-2 at 7; *see also* Ariz. R. Evid. 404(b)(1) ("[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

Under *Strickland*, however, Sosnowicz has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. As the Arizona Court of Appeals observed on direct appeal, the evidence of Sosnowicz's guilt was "extremely strong." *Sosnowicz*, 270 P.3d at 925. Multiple witnesses saw Sosnowicz get into a physical altercation with the victim, drive away enraged, then return and drive his Hummer into the victim "as fast as [he] could" with the engine "rev[ved]." *Sosnowicz*, 270 P.3d at 925. Sosnowicz admitted that he saw people in front of him, yet made no attempt to brake before striking and fatally injuring the victim. *Id*. Instead of remaining at the scene or rendering aid, Sosnowicz drove away from the crime scene with his friends, purchased and used cocaine, and returned to his residence. *Id*. Upon arriving home he had the presence of mind to instruct

---

[4] In his objection, Sosnowicz also argues that his ground two claims fall under the limited exception to procedural default recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012). Doc. 23 at 24. *Martinez* excuses procedural default in certain limited circumstances, but Sosnowicz's ground two claims were not procedurally defaulted. They were adjudicated on the merits by the state courts.

his friend to remove another parked vehicle from the garage so that he could park the Hummer inside.  Doc. 15 2 at 481-85.  He shut the garage door, called 911, and told the operator that he had been attacked by a group of people.  *Id*.  He then told police and a paramedic that he had no memory of the incident, though he later stated in a taped jail phone call – played during trial – that he "remembered everything . . . that happened." *Id.* After the tape was played for the jury, Sosnowicz admitted that he lied about not remembering the incident.  *Id*.

Given this evidence, admission of involuntary conduct evidence and exclusion of the prior bad act evidence would not likely have changed the result of the trial.  *See Harden v. Lizarraga*, No. 2:19-CV-00566-PA (SK), 2019 WL 12379550, at *2 (C.D. Cal. Sept. 8, 2019) (given "overwhelming" evidence of petitioner's guilt, failure to obtain limiting instruction regarding testimony about petitioner's prior bad acts "could not have had a substantial and injurious effect on the jury verdict"); *Crecy v. Runnels*, No. C 03-3703 JSW (PR), 2006 WL 2092626, at *10-13 (N.D. Cal. July 27, 2006) (given the strength of the prosecution's case, petitioner failed to establish that the introduction of "highly inflammatory prior bad acts" would have changed the result of the proceedings).

## B.     Ground Three – Actual Innocence.

Sosnowicz argues that witness testimony at trial, as well as a precluded expert report, establish that he acted involuntarily and lacked the requisite mental state for second-degree murder.  See *Alaimalo v. U.S.*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("A petitioner is actually innocent when he was convicted for conduct not prohibited by law.").  Judge Morrissey concluded that Sosnowicz's actual innocence claim should be denied as not cognizable on § 2254 habeas review.   Doc. 20 at 17.  Alternatively, he concluded that the claim should be denied on the merits because Sosnowicz failed to demonstrate that he is actually innocent.  *Id*. at 18-19.  Sosnowicz makes no specific objection to this conclusion other than to repeat arguments made in his habeas petition and reply brief.  Docs. 1 at 15; 19 at 57-76.  Because this does not constitute a specific objection under Rule 72, the Court will accept the R&R's recommendation that ground three be denied.

The Court also notes that Sosnowicz's actual innocence claim fails on the merits. Assuming a freestanding claim of actual innocence is cognizable on habeas review, Sosnowicz must still "affirmatively prove that he is probably innocent." *Carriger*, 132 F.3d at 476.[5] Sosnowicz fails to present evidence of actual innocence other than to repeat arguments already presented to and rejected by the Arizona Court of Appeals on direct appeal. As discussed above, the evidence supporting the jury's verdicts – including his actions at the time of the killing, his admission that he remembered everything about the crimes, and his admission that he lied about not remembering – was substantial. *See Sosnowicz*, 270 P.3d at 925. Sosnowicz fails to present evidence that would affirmatively prove he is probably innocent. The Court will adopt the R&R's recommendation and reject ground three.

## C. Ground Four – Trial Court Error.

Sosnowicz argues that the trial court erred by: (1) permitting the medical examiner, Dr. William Stano, to testify that the victim's death was a homicide; and (2) precluding Dr. Stano from testifying as to the victims' blood alcohol level at the time of death. The Arizona Court of Appeals rejected both claims on their merits.

Judge Morrissey correctly concluded that Sosnowicz's ground four claims were unexhausted. A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To exhaust claims in state court, Sosnowicz was required to fairly present his claims to the Arizona Court of Appeals through direct appeal or post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim is "fairly presented" when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted). "If a petitioner

---

[5] Whether a freestanding claim of actual innocence is cognizable on habeas review is an "open question." *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 71 (2009). The Ninth Circuit has assumed, without deciding, that such claims are cognizable, and the Court will do the same. *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc).

fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

Sosnowicz presented his ground four claims to the Arizona Court of Appeals solely as violations of the Arizona Rules of Evidence and Arizona case law. *See* Doc. 15-2 at 397-419. The habeas petition in this Court claims various federal constitutional violations, but Sosnowicz never made those arguments to the Arizona Court of Appeals and thus did not fairly present them in state court. *Shumway*, 223 F.3d at 987.

Judge Morrissey also concluded that Sosnowicz's claims are barred from federal review because Arizona procedural rules would make a return to state court futile. He concluded that ground four was procedurally defaulted under Arizona Rule of Criminal Procedure 32.2(a)(2), which bars litigants from raising in post-conviction relief proceedings any claims that were "finally adjudicated on the merits in an appeal or in any previous post-conviction proceeding." Doc. 20 at 16. But this rule does not apply here, because the Arizona Court of Appeals never adjudicated Sosnowicz's ground four *federal* arguments on their merits. As noted above, those arguments were never fairly presented to the state courts.

The Court concludes, nonetheless, that Sosnowicz is precluded from returning to state court to litigate his federal constitutional arguments. Arizona law permits petitioners to return to state court to exhaust their claims only in limited instances. *McCray v. Shinn*, No. CV-17-01658-PHX-DJH, 2020 WL 919180, at *4 (D. Ariz. Feb. 26, 2020) ("Under Arizona law, a petitioner generally may not return to state court to exhaust claims unless the claims fall within the category of claims for which a successive PCR petition is permitted."). Rule 32.2(b) identifies several grounds that may be asserted by a returning petitioner – those identified in Rule 32.1(b)-(h). Ariz. R. Crim. P. 32.2(b).[6] But none of

---

[6] The January 2020 revisions to Rule 32.2 broadened the category of exceptions to preclusion. *Compare* Ariz. R. Crim. P. 32.2(b) (2019) (stating that preclusion does not apply to claims under Rule 32.1(d) through (h)) *with* Ariz. R. Crim. P. 32.2(b) (2020) (stating that preclusion does not apply to claims under Rule 32.1(b) through (h)). The Court will assume that the revised version would apply to any renewed effort by Sosnowicz to litigate issues in state court.

these includes claims based on a "violation of the United States or Arizona constitution," which is covered by Rule 32.1(a) and is not included in the list of exceptions enumerated in Rule 32.2(b).

Constitutional claims instead are covered by Rule 32.2(a)(3) and are precluded from a successive PCR proceeding unless "the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." Ariz. R. Crim. P. 32.2(a)(3). This language was added to the rule in January 2020, but even under the previous rule, Arizona courts found an exception to preclusion only where "an asserted claim is of *sufficient constitutional magnitude.*" *Stewart,* 46 P.3d at 1070 (emphasis added). Arizona law has not clearly defined this phrase, but the Arizona Supreme Court has stated that examples include the right to counsel and the right to a jury trial. *See id.* Arizona law makes clear that petitioners cannot simply characterize trial errors as serious constitutional violations to avoid preclusion. *See, e.g., State v. Swoopes*, 166 P.3d 945, 954 (Ariz. Ct. App. 2007) (if "any error, including trial error . . . were sufficient to bring the error under the umbrella of sufficient constitutional magnitude for purposes of Rule 32.2, all error could be so characterized, and arguably, no claim could be precluded without a personal waiver."). Sosnowicz has not shown that the evidentiary errors alleged in ground four amount to violations of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant, or are claims of sufficient constitutional magnitude. Thus, under either version of Rule 32.2(a)(3), he cannot return to state court to litigate his federal arguments and they are procedurally defaulted.

Finally, Judge Morrissey correctly concluded that no exception to the procedural default rule applies because Sosnowicz fails to establish cause and prejudice or point to any miscarriage of justice that would result from the Court's failure to consider the merits of his claims. *Ford v. Ryan*, No. CV-13-02474-PHX-DGC, 2015 WL 3960804, at *13 (D. Ariz. June 30, 2015) ("The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice.") (citing *Schlup v.*

*Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750–51; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

Sosnowicz objects that his appellate counsel, Bassett, was a "scam artist" who failed to "meet procedural rules."[7]  Doc. 23 at 22.  Although it is not entirely clear, Sosnowicz appears to be making a cause and prejudice argument – namely, that his procedural default should be excused because of Bassett's failure to present his ground four claims as federal claims on direct appeal.  *See* Doc. 15-2 at 397-419; Ford, 2015 WL 3960804, at *13 ("Pursuant to the cause and prejudice' test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim.").  The Court has no obligation to address this argument because Sosnowicz never raised it in his habeas petition with respect to ground four.  *Williams v. Ryan*, No. CV-18-00349-TUC-RM, 2019 WL 4750235, at *5 (D. Ariz. Sept. 30, 2019) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.") (citation omitted).  In addition, the argument fails on its merits because Sosnowicz has not established that, but for his counsel's unreasonable failure to federalize his claims, he "would have prevailed on appeal." *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (noting that ineffective assistance of appellate counsel claims are subject to the two-prong standard set forth in *Strickland*); *Karban v. Ryan*, No. CV-14-02763-PHX-SRB, 2017 WL 3460837, at *1 (D. Ariz. Aug. 11, 2017) (appellate lawyer's failure to federalize petitioner's state law claims failed to excuse procedural default because it would not have changed the result of the appeal and the claims lacked merit).

First, "[g]iven appellate counsel's wide discretion in exercising professional judgment, the presumption of effective assistance of counsel is overcome 'only when ignored issues are clearly stronger than those presented[.]'" *Saunders v. Almager*, No. 09-0708 L WMC, 2011 WL 2181320, at *23 (S.D. Cal. Apr. 27, 2011) (citations omitted). Sosnowicz fails to establish that the federal arguments his appellate counsel failed to

---

[7] Sosnowicz claims that Bassett's deficient performance should be excused under *Martinez,* but *Martinez* "applies only to claims of ineffective assistance of *trial* counsel; it has not been expanded to other types of claims." *Garcia v. Ryan*, No. CV-15-00025-PHX-DGC, 2018 WL 4679644, at *3 (D. Ariz. Sept. 28, 2018) (emphasis added).

present were stronger than the state law issues raised in the Arizona Court of Appeals.

Second, even if appellate counsel had rendered ineffective assistance, Sosnowicz fails *Strickland's* second prong. The Arizona Court of Appeals rejected his ground four claims because (1) admission of the medical examiner's testimony that the death was a homicide, while erroneous, would not have contributed to or affected the jury verdict; and (2) the trial court was justified in precluding testimony about the blood alcohol content of the victim as irrelevant and potentially misleading to the jury. Doc. 15-2 at 478-505. Sosnowicz has not shown how asserting federal arguments with respect to these issues would allow him to prevail on appeal. The Court will dismiss ground four.

### D. Ground One – Ineffective Assistance of Trial Counsel.

Sosnowicz argues that his trial counsel was ineffective for (1) not explaining that he could be convicted if the jury found he acted recklessly, which led him to reject a favorable plea offer; and (2) failing to investigate and present a defense of involuntary act and lack of criminal intent, given that he was knocked out by the victim and assaulted by others prior to the incident. Doc. 1 at 6-11.

The second PCR court rejected these arguments as waived because Sosnowicz failed to timely raise them during his first PCR proceeding. See Doc. 15-3 at 136-37 (citing Ariz. R. Crim. P. 32.2(a)(3)). Judge Morrissey concluded that because Rule 32.2 provides an independent and adequate basis for denying relief, Sosnowicz's claims are procedurally defaulted and therefore barred from this Court's review. *Stewart v. Smith*, 536 U.S. 856, 861 (2002) (holding that denials pursuant to Rule 32.2(a) are "independent of federal law"); *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) ("Arizona's waiver rules are independent [nonfederal] and adequate bases for denying relief.") (internal citations omitted).

Sosnowicz argues that the procedural default should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), which recognizes a limited exception to procedural default where PCR counsel fails to raise a trial-counsel IAC claim in the initial review. Doc. 23 at 21. He also requests discovery and an evidentiary hearing to further develop his *Martinez* argument. *See id*.

Under *Martinez*, a petitioner may establish cause and prejudice for procedural default "by demonstrating two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984),' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 566 U.S. at 14). For Sosnowicz's underlying trial-counsel IAC claim to qualify as "substantial" under *Martinez*, he must "demonstrate that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Weber v. Sinclair*, No. C08-1676RSL, 2014 WL 1671508, at *6 (W.D. Wash. Apr. 28, 2014) (quoting *Detrich v. Ryan*, 740 F. 3d 1237, 1245 (9th Cir. 2013)) (internal quotation marks and citations omitted). The Ninth Circuit has explained that "PCR counsel would not be ineffective for failure to raise an ineffective assistance of counsel claim with respect to trial counsel who was not constitutionally ineffective." *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012).

"For procedurally defaulted claims, to which *Martinez* is applicable, the district court should allow discovery and hold an evidentiary hearing where appropriate to determine whether there was 'cause' under *Martinez* for the state-court procedural default and to determine, if the default is excused, whether there has been trial-counsel IAC." *Detrich*, 740 F.3d at 1246. To show entitlement to an evidentiary hearing, a petitioner must allege "specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

### 1. Ground One – Involuntary Conduct Defense.

Sosnowicz's contention that trial counsel failed to investigate and present a defense of involuntary conduct lacks merit and cannot trigger the *Martinez* exception. Sosnowicz contends that he was beaten unconscious moments before driving his vehicle into the victim, resulting in a brain injury that rendered him unaware of his subsequent actions.

- 14 -

Doc. 1 at 10, 13-16. He claims that his expert witness was precluded from testifying at trial about his cognitive limitations because his trial counsel failed to cite relevant legal authority and make proper evidentiary arguments. *Id*. at 10.

Judge Morrissey correctly concluded, however, that Sosnowicz fails to show his counsel was ineffective, let alone that the result of the trial would have been different if the expert had testified and his counsel had presented an involuntary conduct defense. *Strickland*, 466 U.S. at 695. As discussed above, and as the Arizona Court of Appeals observed on direct appeal, "[t]he evidence that defendant intentionally aimed his vehicle at the group of persons – including [the victim] – with whom he had the altercation, is extremely strong." *Sosnowicz*, 270 P.3d at 925. Sosnowicz's actions – climbing inside his vehicle after the altercation, driving the vehicle out of several witnesses' direct line of sight, returning and driving his car directly at the victim who had assaulted him, revving his engine as he drove toward the victim, driving away after he hit the victim, attempting to conceal his car in his garage, and lying to police and paramedics that he did not recall the events – undermine any claim that he hit the victim involuntarily. *Sosnowicz*, 270 P.3d at 925; *see also Bean v. Calderon*, 163 F.3d 1073, 1082-83 (9th Cir. 1998) (rejecting claim that trial counsel was ineffective for failing to present and investigate a defense theory that lacked support from the record and was in conflict with other evidence). Because the involuntary conduct defense was clearly contradicted by the evidence, Sosnowicz has not established a reasonable probability that the outcome of the trial would have been different had the defense been asserted, nor that his trial counsel was ineffective for failing to pursue the doubtful defense.

Sosnowicz objects that Judge Morrissey and the Court of Appeals reached the wrong conclusion based on the evidence presented at trial. He quotes several trial witnesses who testified that he was unconscious after getting into a physical altercation with the victim. Doc. 23 at 17-18. But these witnesses merely testified that he was "unconscious *for a few seconds*" and looked "kind of out of it" after the altercation. *Id*. (emphasis added). Given that the jury heard this witness testimony at trial and still found

Sosnowicz guilty of second-degree murder, the Court cannot conclude that a more effective presentation of an involuntary defense theory would have changed the result.

Because Sosnowicz has not shown that this IAC claim is a substantial one, he cannot argue under *Martinez* that his PCR counsel was ineffective for failing to raise it. *Sexton*, 679 F.3d at 1157. The Court will adopt Judge Morrissey's conclusion that the involuntary conduct defense in ground one is procedurally defaulted.

### 2. Ground One – Plea Negotiations.

Ground one also alleges that Sosnowicz's trial counsel was ineffective for not explaining that he could be convicted if the jury found he acted recklessly, which in turn led him to reject a favorable plea offer. In evaluating trial-counsel IAC claims in the context of plea negotiations, the Court looks "not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plea pursuant to the terms earlier proposed." *Missouri v. Frye*, 566 U.S. 134, 142 (2012).[8]

Judge Morrissey concluded that this underlying IAC claim was not substantial because there was no evidence that Sosnowicz would have accepted the favorable plea offer had he known he could be convicted of second-degree murder for mere recklessness. Sosnowicz objects that the record demonstrates his clear belief, when rejecting the plea offer, that he could be convicted for intentional conduct only. Doc. 23 at 5-16.

The Court has reviewed the record and cannot conclude that it supports Judge Morrissey's conclusion. At an October 2009 settlement conference, the parties reviewed the terms of the government's plea offer and Sosnowicz stated that he wanted to go to trial. Doc. 15-1 at 81-83. Sosnowicz and his counsel confirmed that they had reviewed and discussed the plea deal, including the sentencing range he faced if convicted at trial. *Id*. at 83. Sosnowicz stated that he understood the terms of the plea offer "perfectly," and was making an informed decision to proceed with trial despite the risks involved. *Id*. at 81-83.

---

[8] In the context of plea negotiations, petitioners making a trial counsel IAC claim must also show that "such a plea would have been acceptable to both the state and the court[.]" *Clark v. Lewis*, 1 F.3d 814, 823 (9th Cir. 1993). These prerequisites appear to be satisfied here because the government extended the plea offer and, for reasons about to be explained, it appears that Sosnowicz may have rejected it at a time when he did not know of the recklessness standard. Doc. 15-1 at 101. More evidence is needed on this point.

When asked whether he had any questions for the court or the government, he answered no. *Id*. at 82.

Based on this transcript, Judge Morrissey concluded that Sosnowicz had been fully apprised by his counsel regarding the terms of the offer. Doc. 20 at 11. But as Sosnowicz notes, at no point during the settlement conference was the recklessness component of his second-degree murder charge ever mentioned. Doc. 23 at 7-8. In an affidavit submitted at his second PCR proceeding, Sosnowicz claims that his trial lawyer, Ewa Lockard, never explained that a finding of guilt could be based on reckless conduct, and that Lockard's replacement, George Gaziano, urged him to proceed to trial without explaining that "simply acting recklessly was enough to lead to a murder conviction." See Doc. 15-3 at 26-27, ¶¶ 6, 11. If, as Sosnowicz contends, he was unaware of the recklessness component of second-degree murder, he would have no reason to ask questions of the trial court or government at the October 2009 hearing.

At a June 2, 2010 evidentiary hearing, the judge again raised the subject of a possible plea agreement. Doc. 15-1 at 100-02. The judge noted that the plea offer extended by the state had expired – "[a]t this time there is no offer extended to you" (*id*. at 100) – but said she would ask the state to re-extend the offer if a settlement looked possible (*id*. at 101). After reviewing the previously-offered terms, the principle feature of which was that Sosnowicz's sentences on the various counts would be served concurrently rather that consecutively, the judge asked Sosnowicz if he was interested in further settlement talks. *Id*. at 102. Sosnowicz responded:

> Your honor, I've already made this decision with my counsel. The fact is I didn't do anything intentionally, so I can't sign for what they are asking for. I would be willing to settle, but not for something – I am a man and I understand that an accident happened, but I can't admit to something I didn't do.

*Id*. at 102-03. This statement seems clearly to reflect an understanding that intentional conduct was required to establish guilt on the murder charge – that Sosnowicz thought he would have to admit intentional conduct as part of the plea deal. It also implies that Sosnowicz would be willing to settle if he did not have to make this admission.

After Sosnowicz made this statement, the prosecutor provided the following clarification:

> Judge, just also so that the defendant is clear and the Court is clear, the second-degree murder is charged intentional or knowing or reckless, so a jury has three different options and can find, again, not perhaps what the State believes happened, but the jury could find that his actions were reckless and still come back as a second-degree murder conviction.

*Id*. at 104 (emphasis added). The judge responded: "thank you, counsel. That's important to know." *Id*.

Sosnowicz's immediate response was to express confusion: "I have a question about reckless. Is it a voluntary recklessness or involuntary recklessness?" *Id*.[9] The judge responded that Sosnowicz's counsel could explain that with the statute book. *Id*. Sosnowicz then engaged the judge in questions about consecutive versus concurrent sentences and who qualifies as a victim. *Id*. at 105-108. After this exchange, the judge adjourned the hearing and emptied the courtroom so Sosnowicz could speak with his lawyer about what had been said. *Id*. at 108.

Upon returning to the courtroom, the judge stated that defense counsel "indicated to me that his client was open to discussion." *Id*. at 109. The prosecutor then explained that Sosnowicz had expressed "an interest in exploring not necessarily the original offer, but . . . a more limited offer[.]" *Id*. She then explained: "before we went any further to see if he wanted to go back and reconsider the initial offer, pleading to all charges concurrent, before we went down that road, it was my suggestion that I contact my supervisors." *Id*. She explained that the discussions with her supervisors and the victims' family members resulted in a decision not to extend any plea offer – "we are prepared to go to trial." *Id*. at 110. As a result, discussion of a plea ended and the court proceeded to hear evidentiary issues for trial. *Id*. at 110-11.

Judge Morrissey concluded that Sosnowicz's interest in exploring a "more limited offer" suggests that he would not have accepted the original plea deal (Doc. 20 at 13), but

---

[9] This question suggests Sosnowicz did not understand the concept of recklessness. *See United States v. Begay*, 934 F.3d 1033, 1040 (9th Cir. 2019) ("Reckless conduct, no matter how extreme, is not intentional.").

the Court cannot reach the same conclusion. After hearing the prosecutor's explanation that the murder charge could be based on recklessness, and talking with his lawyer, Sosnowicz expressed an interest in further settlement talks. Those talks did not occur because the state deferred to the victims' strong preferences and elected not to extend further offers, including the original offer. The prosecutor clearly contemplated further discussion about the original offer – "before we went any further to see if he wanted to go back and reconsider the initial offer, pleading to all charges concurrent, before we went down that road, it was my suggestion that I contact my supervisors" – and yet those discussions never occurred because the state decided not to re-extend the offer. *Id*. at 109.

In sum, recklessness was never mentioned during the October 2009 settlement conference where Sosnowicz rejected the plea deal. It was only at the June 2010 hearing that the government clarified on the record that Sosnowicz could be convicted for reckless conduct. Sosnowicz immediately expressed uncertainty about whether recklessness encompassed both involuntary and voluntary conduct and, after conferring with his counsel, expressed an interest in revisiting plea discussions. Those discussion never occurred, however, because the state decided not to engage in further discussions. These events could support Sosnowicz's claim that he was unaware that a second-degree murder conviction encompassed reckless conduct when he rejected the original offer.

The Court concludes that it should receive further evidence on whether Sosnowicz's trial counsel informed him of the recklessness standard before he rejected the original plea offer. Further evidence about what was said during the recess in the June 2, 2010 hearing might also be relevant in determining why Sosnowicz rejected the original offer.

### 3. Martinez Prejudice.

Under the second prong of *Martinez*, Sosnowicz must show that he was prejudiced by his PCR counsel's failure to raise his trial-counsel IAC claim during post-conviction proceedings – in other words, that there was "a reasonable probability that the trial-level IAC claim would have succeeded had it been raised." *Hooper v. Shinn*, 985 F.3d 595, 627 (9th Cir. 2021) (internal citations and quotation marks omitted). The Court will address

this issue after receiving further evidence.[10]

## V. Appointment of Counsel.

Further evidence is required to determine whether Sosnowicz can established cause and prejudice sufficient to excuse his procedural default under *Martinez* on the portion of ground one discussed above. *Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) ("[A] district court may take evidence to the extent necessary to determine whether the petitioner's claim of ineffective assistance of trial counsel is substantial under *Martinez*."). The Court will withhold ruling on this ground one claim until the record has been further developed.

The Court will appoint counsel to represent Sosnowicz in the further presentation of evidence. *See* 18 U.S.C. § 3006A(a)(2) (providing the Court with the discretion to appoint counsel when it determines that "the interests[.]of justice so require[.]"); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Within 30 days of the filing date of this order, the selected attorney must file a notice of appearance. The parties should then promptly and jointly contact the Court to schedule a status conference to discuss procedures for the presentation of additional evidence.

## VI. Certificate of Appealability.

Judge Morrissey recommended that the Court deny a certificate of appealability. Doc. 20 at 22. Sosnowicz objects by repeating his habeas arguments and asserting that "this case does have merit and should be heard." Doc. 23 at 2. On the same day he filed his objection, Sosnowicz filed a motion for certificate of appealability that restates the arguments made in his habeas petition and objection. Doc. 24. With respect to grounds

---

[10] Sosnowicz also objects that his initial PCR proceeding – where he failed to raise his trial-counsel IAC claims – is void because he was represented by Bassett, the attorney whom the Arizona State Bar admonished for also representing Sosnowicz on direct appeal. Doc. 23 at 3-4. He argues that the Court should consider his second PCR proceeding as operative given Bassett's professional misconduct. *Id.* at 4. The Arizona Court of Appeals already rejected this argument in its review of Sosnowicz's second PCR proceeding: "no Arizona authority has held an initial Rule 32 proceeding is 'void' . . . because a defendant was represented in that matter by the same attorney who represented him on appeal." *State v. Sosnowicz*, No. 2 CA-CR 2018-0058-PR, 2018 WL 3472027, at *2 (Ariz. Ct. App. July 18, 2018). Sosnowicz cites no authority requiring the Court to reach a different conclusion.

two through five, and the involuntary conduct defense in ground one, the Court concludes that Sosnowicz has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), and reasonable jurists would not find his constitutional claims debatable or wrong, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will accept Judge Morrissey's recommendation that the certificate of appealability be denied as to these claims. The Court will consider whether a certificate of appealability is appropriate for the remaining ground one claim after it has considered further evidence.

**IT IS ORDERED:**

1. Judge Morrissey's R&R (Doc. 20) is **accepted** with respect to the involuntary conduct defense in ground one and grounds two through five. Sosnowicz's habeas corpus petition (Doc. 1) and motion for certificate of appealability (Doc. 24) are **denied** with respect to these claims.

2. The Court **withholds ruling** on ground one's claim of ineffective assistance of trial counsel associated with rejection of the original plea offer.

3. The Court's staff will contact the Federal Public Defender and request the designation of counsel to represent Sosnowicz, pursuant to the Criminal Justice Act, in the evidentiary issues related to his ground one *Martinez* claim.

4. Within **30 days** of the filing date of this order, the selected attorney must file a notice of appearance, and the parties must promptly and jointly contact the Court to schedule a status conference.

Dated this 30th day of June, 2021.

David G. Campbell
Senior United States District Judge