**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jonathan L. Sosnowicz,

    Petitioner,

v.

David Shinn, et al.,

    Respondents.

No. CV-20-0040-PHX DGC (MTM)

**ORDER**

In January 2020, petitioner Jonathan Sosnowicz filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Doc. 1. In June 2021, the Court issued an order denying Sosnowicz's petition with respect to all claims except a single ineffective assistance of counsel ("IAC") claim. Doc. 25. The Court withheld ruling on that claim until the record could be further developed through an evidentiary hearing. *See id.* The government has now filed a motion to stay this action pending a Supreme Court decision which may impact the Court's ability to consider evidence not in the state court record. Doc. 28. Sosnowicz has responded. Doc. 29. For reasons stated below, the Court will grant the motion to stay.

**A.     Background.**

Sosnowicz was convicted of second-degree murder and three counts of aggravated assault in September 2010. Doc. 25 at 1. He claims that he rejected a favorable plea offer because his trial counsel did not explain that he could be convicted of second-degree

murder for reckless conduct. *Id.* at 3. Sosnowicz's trial counsel IAC claim was procedurally defaulted because he never timely raised it during his post-conviction review ("PCR") proceedings in state court. *Id.* at 4. Sosnowicz argued that his default should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), which recognizes a limited exception to procedural default where PCR counsel fails to raise a "substantial" trial-counsel IAC claim in the initial review. *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012). After reviewing the settlement conference transcript and other state court records, the Court decided that additional evidence is needed to determine whether Sosnowicz's IAC claim is substantial. Doc. 25 at 20; *Detrich v. Ryan*, 740 F. 3d 1237, 1245 (9th Cir. 2013).

In May 2021, the Supreme Court granted certiorari in *Shinn v. Ramirez*, No. 20-1009, to address whether, in the context of a *Martinez* claim, the text of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") allows federal courts to develop and consider evidence not in the state court record when assessing the merits of trial counsel IAC claims. In answering this question, the Supreme Court likely will also clarify whether federal courts can consider such evidence at the *Martinez* gateway stage to determine cause and prejudice for procedural default. *Jones v. Shinn*, 971 F.3d 1133, 1142 (9th Cir. 2020) ("There is no point in conducting a *Martinez* hearing to discover 'cause' to excuse a procedural default if the defaulted claim will inevitably fail on the merits because (due to the other procedural obstacle) evidence outside the state record cannot be considered in any event.") (Collins, J., dissenting). The government argues that the Court should stay this case until *Shinn* is decided.

**B.     Legal Standard.**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Court must weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

questions of law which could be expected to result from a stay." *Id*. (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)). If there is a fair possibility that the stay will work damage to someone, the party seeking the stay "must make out a clear case of hardship or inequity." *Id*. (*quoting Landis*, 299 U.S. at 255). In habeas cases, "special considerations" are implicated "that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000).

**C.    Discussion.**

The government contends that judicial efficiency justifies staying this case because the Supreme Court's decision in *Shinn* could render a *Martinez* evidentiary hearing unnecessary, and a limited stay will not prejudice Sosnowicz. Doc. 28 at 4-5. Sosnowicz responds that habeas petitioners have a "clear and indisputable right to have [their] petition[s] expeditiously heard and decided." Doc. 29 at 4 (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)).

The Court concludes that this is one of the rare instances where a stay is warranted. *Shinn* will address whether district courts can conduct *Martinez* evidentiary hearings. It would waste resources for all involved to prepare for and conduct such a hearing, only to have the Supreme Court decide a few months later that such a hearing is impermissible.

The Court is mindful of the Ninth Circuit's prescription that habeas petitions implicate "special considerations" limiting the Court's ability to stay a case for judicial efficiency. *Yong*, 208 F.3d at 1120. But *Yong* is distinguishable. There, the requested stay could have "remain[ed] in effect for a lengthy period of time, perhaps . . . years." *Id.* at 1121. Here, the Supreme Court will issue a decision no later than June 2022.

The stay poses no prejudice to Sosnowicz, who has served nearly 11 years of an approximately 30-year sentence and is scheduled for release in February 2038. *See* Ariz. Dep't of Corrections, *Inmate Datasearch*, https://corrections.az.gov/public-resources/inmate-datasearch (last visited August 11, 2021).[1] Should the Court grant relief on

---

[1] Sosnowicz received 22-years for second-degree murder, and three concurrent 8.5-year terms for aggravated assault, running consecutively to the murder sentence. Doc. 25.

3

Sosnowicz's IAC claim, the state court will consider "whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between." *Lafler v. Cooper*, 566 U.S. 156, 170–71 (2012). The government's plea offer would have allowed Sosnowicz's 22-year murder sentence to run concurrently with, rather than consecutively to, his 8.5-year sentences for aggravated assault. *See* Doc. 15-1 at 79-80. If the state court allows Sosnowicz to accept the same terms, any new sentence on the murder claim, even if concurrent to the assault sentences, likely will not expire for several years. The Court finds Sosnowicz will not be prejudiced by a stay of ten months. *See Brown v. United States*, No. 1:12-CR-0357 AWI, 2017 WL 1354850, at *1 (E.D. Cal. Jan. 20, 2017) (denying motion to lift stay in habeas context where the Supreme Court would be issuing a relevant decision within six months and petitioner had not established prejudice); *Al–Rekabi v. United States*, No. 2:16-CV-573-DAK, 2016 WL 5874976, at *3 (D. Utah Oct. 7, 2016) (granting motion to stay habeas proceedings where "the Supreme Court has granted certiorari to hear, and will definitively decide, the same questions that are at issue in this case.").

**IT IS ORDERED:**

1. The government's Motion to Stay (Doc. 28) is **granted** pending the Supreme Court's decision in *Shinn v. Ramirez*.

2. The parties shall file a joint status report within 14 days of the Supreme Court's decision in *Shinn*, apprising the Court of the decision and their views on its implications for an evidentiary hearing in this case.

Dated this 11th day of August, 2021.

David G. Campbell
Senior United States District Judge