**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Leigh Sosnowicz, | No. CV-20-00040-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn and Attorney General of the State of Arizona, | |
| Respondents. | |

On June 30, 2021, the Court denied petitioner Jonathan Sosnowicz's petition for habeas corpus with respect to all claims except one ineffective assistance of counsel ("IAC") claim.  Doc. 25.  The Court withheld ruling on the IAC claim until the record could be further developed through an evidentiary hearing. Doc. 25.  On August 11, 2021, the Court granted the government's motion to stay the action pending the Supreme Court's decision in *Shinn v. Ramirez* and directed the parties to file a joint status report within 14 days of the issuance of the decision.  Doc. 32.  The Supreme Court has now issued its decision, *see Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), and the parties have filed their joint status report (Doc. 36).  In light of *Ramirez*, the Court will modify its June 30, 2021 order to vacate its call for an evidentiary hearing, and deny Sosnowicz's remaining IAC claim.

*/ / /*

## I.     Background.

In November 2008, Sosnowicz struck and killed J.P. with his vehicle after a physical altercation outside of a bar.  *State v. Sosnowicz*, 270 P.3d 917, 919-21 (Ariz. Ct. App. 2012).  He was convicted by a jury in September 2010 of second degree murder and three counts of aggravated assault.  *Id.*  He was sentenced to 22 years for the murder charge, to run consecutively with three concurrent 8.5-year terms for the assault charges.  *Id.* Sosnowicz's convictions and sentences were affirmed on direct appeal by the Arizona Court of Appeals.  *Id.* at 918-19.  He did not seek review by the Arizona Supreme Court, and the Arizona Court of Appeals issued its mandate in August 2012.  Doc. 15-2 at 478.

Sosnowicz filed a petition for postconviction relief ("PCR") in April 2013.  *Id.* at 513-22.  He was represented by Neal Bassett, who also represented him in his direct appeal. The Arizona Court of Appeals granted review and summarily denied relief.  *Id.* at 587. Sosnowicz did not seek review by the Arizona Supreme Court, and the Arizona Court of Appeals issued its mandate in December 2016.  *Id.* at 591.  In January 2017, Bassett was admonished by the State Bar of Arizona for engaging in a conflict of interest by representing Sosnowicz in both his direct appeal and his first PCR proceeding and for failing to timely communicate with Sosnowicz's new counsel regarding his trial file. Doc. 19-7 at 185-88.

Represented by new counsel, Sosnowicz filed a second, successive PCR petition in March 2017.  Doc. 15-3 at 2-21.  The PCR court dismissed the petition, finding that some of the claims were precluded under state law and others were not colorable.  *Id.* at 136-37, 178.   The Arizona Court of Appeals granted review and denied relief in July 2018. Doc. 15-4 at 9.  In April 2020, the Arizona Supreme Court denied review.  *Id.* at 15.

In January 2020, Sosnowicz filed this petition for writ of habeas corpus in this Court. Doc. 1.  He raised five grounds for relief.  The first three alleged that in Sosnowicz's first PCR proceeding Bassett failed to raise (1) certain IAC claims with respect to Sosnowicz's trial counsel, (2) IAC claims with respect to appellate counsel, and (3) an actual innocence claim based on expert testimony.  *Id.* at 6-16.  Ground four alleged that the trial court

violated Sosnowicz's constitutional rights by precluding certain testimony of a medical examiner. *Id.* at 17-19. Ground five alleged IAC by Sosnowicz's trial counsel by calling intoxicated witnesses and failing to object to the government's evidence and arguments. *Id.* at 20-21.

Magistrate Judge Michael Morrissey issued a report in January 2021 recommending the Court deny the habeas petition without an evidentiary hearing or a certificate of appealability ("R&R"). Doc. 20. Sosnowicz objected to Judge Morrisey's conclusions with respect to all grounds except ground five. Doc. 23.

In an order dated June 30, 2021, the Court accepted Judge Morrisey's R&R with the exception of ground one, alleging IAC of trial counsel associated with Sosnowicz's rejection of a favorable plea offer. Doc. 25 at 21. Sosnowicz alleged that his trial counsel did not explain that he could be convicted of second-degree murder if the jury found he acted recklessly, leading him to reject the plea offer. *Id.* at 16. The Court ultimately concluded that it should receive further evidence regarding whether trial counsel informed Sosnowicz of the recklessness standard before he rejected the plea offer and what was said during a recess of a June 2010 hearing. *Id.* at 19.

On July 26, 2021, the government asked the Court to stay this case pending the outcome of *Shinn v. Ramirez*, which was before the Supreme Court. Doc. 28. The Court granted the stay, observing that *Ramirez* was poised to address whether district courts can conduct these types of evidentiary hearings. Doc. 32 at 3. Given the length of sentence Sosnowicz would have received under the favorable plea he rejected, the Court also noted that any new sentence likely would not expire for several years, so Sosnowicz would suffer no prejudice from a stay of less than one year. *Id.* at 4. The Court ordered the parties to file, within 14 days of the issuance of a decision in *Ramirez*, a joint status report apprising the Court of the decision and its implications for an evidentiary hearing. *Id.*

The Supreme Court issued its decision on May 23, 2022. *See* 142 S. Ct. 1718. The parties submitted their joint status report shortly thereafter. Doc. 36. The Court will now set out the relevant holdings of *Ramirez* and consider its impact on the June 2021 order.

**II.      Section 2254(e)(2) and *Shinn v. Ramirez*.**

Under § 2254(e)(2), if a habeas applicant has "failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing on the claim unless (1) the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review or a factual predicate that could not have been previously discovered through due diligence and (2) the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty. § 2254(e)(2)(A)-(B).

In its recent decision in *Ramirez*, the Supreme Court held "that, under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." 142 S. Ct. at 1734. The Supreme Court acknowledged that § 2254(e)(2) applies only when there has been "a *failure* to develop the factual basis of a claim," something that "is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 1735 (emphasis added). The Court reiterated that a prisoner bears the risk for all attorney errors unless counsel provides constitutionally ineffective assistance, but since there is no constitutional right to counsel in a state PCR proceeding, "a prisoner ordinarily must bear responsibility for *all* attorney errors during [PCR] proceedings." *Id.* (emphasis added). "Among those errors," the Court explained, "a state prisoner is responsible for counsel's negligent failure to develop the state postconviction record." *Id.*

The Court concluded that "under § 2254(e)(2), a prisoner is 'at fault' even when state postconviction counsel is negligent. In such a case, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy § 2254(e)(2)'s stringent requirements." *Id.*

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court held that "ineffective assistance of postconviction counsel can be 'cause' to forgive procedural default of a trial-ineffective-

assistance claim if a State forecloses direct review of that claim."  142 S. Ct. at 1735-36.
In *Ramirez*, the Supreme Court declined to expand *Martinez* to allow ineffective assistance
of PCR counsel to excuse failure to develop the state-court record under § 2254(e)(2),
noting that *Martinez* applied equitable discretion to modify a judge-made rule, but that the
courts are powerless to modify a statutory rule such as § 2254(e)(2).  *Id.* at 1736.

## III.    Evidentiary Hearing.

        Under *Ramirez*, Sosnowicz is entitled to an evidentiary hearing only if he can show
that he satisfies the requirements of § 2254(e)(2) or that it does not apply.  *Id.* at 1734.
Sosnowicz does not argue that he satisfies the statute, but he does argue that the statute
does not apply because he did not "fail" to develop the factual record of his IAC claim in
state court.  This assertion is based on the fact that Sosnowicz's <u>second</u> PCR counsel argued
that the "ethical lapses" of his first PCR counsel "excuse[d] the failure to raise in prior
postconviction proceedings the plea-stage ineffective-assistance claim[.]"  Doc. 36 at 3.  In
other words, he argues that the diligence of his second PCR counsel absolves him of
responsibility for his first PCR counsel's failure to develop the record in state court.

        The Court is not persuaded.  Sosnowicz's original PCR counsel plainly failed to
bring the IAC claim during the first PCR proceeding.  *See State v. Sosnowicz*, No. 2 CA-
CR 2018-0058-PR, 2018 WL 3472027, at *2 (Ariz. Ct. App. July 18, 2018) (observing that
"nothing prevented Sosnowicz's initial Rule 32 counsel from asserting claims of
ineffective assistance of trial counsel").  And the Supreme Court in *Ramirez* made clear
that Sosnowicz "bear[s] responsibility for *all* attorney errors during [PCR] proceedings,"
including "counsel's negligent failure to develop the state postconviction record."  142 S.
Ct. at 1735 (emphasis added).  Sosnowicz thus bears responsibility for his first PCR
counsel's failure to bring the IAC claim and has "fail[ed]" to develop the factual basis of
the claim, triggering the application of § 2254(e)(2).

        The diligence of Sosnowicz's second PCR counsel does not relieve him of
responsibility for the failures of his first PCR counsel.  As the government points out,
accepting this argument would lead to an absurd result:  "Any petitioner could circumvent

the constraints of [§] 2254(e)(2) merely by presenting an IAC claim in an untimely, successive PCR in state court and subsequently claim in federal habeas proceedings that" because he acted "diligently" in the second proceeding, § 2254(e)(2) does not preclude an evidentiary hearing.  Doc. 36 at 7 n.6.

Sosnowicz also argues that because Arizona Rule of Criminal Procedure 32.2 was amended during the pendency of his second PCR proceeding to include an equitable exception to the procedural bars of untimeliness and waiver, he "diligently sought a hearing" on his claim of IAC by presenting it in his second PCR proceeding.  *Id.* at 3-4. He asserts that he sought an evidentiary hearing in the manner now permitted by state law and did not demonstrate the lack of diligence required to trigger § 2254(e)(2).  *Id.* at 4. This argument, like his first, would lead to absurd results.  A petitioner who clearly failed to develop the factual basis for an IAC claim in his first PCR case could be absolved from that failure and escape the strict requirements of § 2254(e)(2) by seeking to expand the record in an untimely second PCR petition, even if the state court found that the new equitable exception in Rule 32.2 should not apply.  That is what happened here.  The Arizona Supreme Court did not invoke the exception to permit Sosnowicz to expand the record, even though it has done so in other cases.  Doc. 15-4 at 15; *compare, e.g.*, *State v. Botello-Rangel*, CR-20-0114-PR, 2020 WL 8766052, at *1 (Ariz. Dec. 15, 2020) (vacating and remanding PCR case "to examine whether Defendant's claims are viable" under 2020 amendment to Rule 33.1).

The Arizona Court of Appeals' determination that Sosnowicz's IAC claim is time-barred because he failed to raise it during his first PCR proceeding remains in place. Section 2254(e)(2) therefore applies, Sosnowicz does not meet its stringent requirements, and the Court cannot hold an evidentiary hearing.  *Ramirez*, 142 S. Ct. at 1734.

**IV.   Conclusion.**

The Court is bound by the Supreme Court's interpretation of Congress's limiting provision in § 2254(e)(2).  In light of the recent decision in *Ramirez*, the Court will reverse its prior conclusion that an evidentiary hearing is appropriate in this case.  And based on

the record before it, the Court cannot conclude that Sosnowicz's trial counsel was ineffective during plea negotiations.  The record of an October 2009 settlement conference reflects that Sosnowicz and his counsel discussed the plea deal, which Sosnowicz stated he "underst[oo]d perfectly," and that Sosnowicz had no questions to discuss with the court or the prosecutor.  Doc. 15-1 at 82.  He declined the plea offer and chose to exercise his right to a jury trial.  *Id.* at 83.  Without more, the record does not support Sosnowicz's IAC claim.  The claim will be denied.

**IT IS ORDERED:**

1. The Court's order dated June 30, 2021 (Doc. 25) is modified insofar as it concludes that an evidentiary hearing is warranted in this case.

2. The Court accepts Judge Morrissey's R&R in full, and Sosnowicz's habeas petition (Doc. 1) is **denied**.

3. A certificate of appealability is **denied** because *Ramirez* is clear and Sosnowicz's arguments for why it does not apply would not persuade any reasonable jurist.

4. The Clerk is directed to enter judgment accordingly and terminate this action.

Dated this 12th day of July, 2022.

David G. Campbell
Senior United States District Judge